**FILED**
**Mar 28, 2024**
**07:38 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| **LANELL MCMILLAN,** | ) | **Docket No. 2021-02-0554** |
| **Employee,** | ) | |
| **v.** | ) | |
| **ULG COMPANIES, LLC,** | ) | |
| **Employer,** | ) | **State File No. 81115-2021** |
| | ) | |
| **And** | ) | |
| **UNITED WISCONSIN INS., CO.,** | ) | |
| **Carrier.** | ) | **Judge Brian K. Addington** |
| | ) | |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

ULG filed a motion for summary judgment contending no genuine issues of material fact exist as to whether Mr. McMillan suffered an injury that caused a medical impairment or requires additional medical treatment. The Court agrees in part and grants the motion.

### Claim History

ULG filed a statement of undisputed material facts, some of which are summarized below.[1]

1. Mr. McMillan injured his left ankle and leg while working for ULG on September 18, 2021.
2. Dr. Paul Kerner was the authorized physician.
3. Dr. Kerner evaluated Mr. McMillan multiple times.
4. Mr. McMillan reached maximum medical improvement on July 19, 2022.
5. Dr. Kerner found that Mr. McMillan did not sustain a permanent impairment.

---

[1] ULG alleges other facts, but the Court disagrees that some of the facts listed are "material." "A fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Burke v. Steve Towers Enterprises, LLC,,* 2023 TN Wrk. Comp. App. Bd. LEXIS 53, at *11 (Nov. 15, 2023).

1

6. Mr. McMillan has no permanent work restrictions.

ULG supports these facts by citation to the record and with the C-32 signed by Dr. Kerner. As required by statute, ULG provided Mr. McMillan with a 20-day notice that it intended to rely on Dr. Kerner's report at the hearing.

Mr. McMillan's deadline to respond to the motion was March 18. On March 11, he filed a C-32 signed by a physician assistant. Then on March 19, he filed his response to ULG's Statement of Undisputed Facts and disputed all facts except for 1 and 3. He filed employment badges and also resubmitted the March 11 C-32 but with an additional signature.[2]

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2023).

As the moving party, ULG must accomplish one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Mr. McMillan's claim, or (2) demonstrate that the evidence is insufficient to establish an essential element of Mr. McMillan's claim. Tenn. Code Ann. § 20-16-101 (2023); *see also Rye v. Women's Care Ctr. of Memphis*, *MPLLC,* 488 S.W.3d 235, 264 (Tenn. 2015).

If ULG does either or both, Mr. McMillan must respond by producing specific facts showing a genuine issue for trial. *Id*.; Tenn. R. Civ. P. 56.06.

ULG argues the Court should grant summary judgment because it demonstrated that Mr. McMillan did not sustain a permanent impairment, and he no longer needs medical treatment for his injury per Dr. Kerner. Since Dr. Kerner is the only qualified expert to offer evidence, ULG is entitled to summary judgment as a matter of law.

For his part, Mr. McMillan submitted a C-32, but a physician assistant signed it. Section 50-6-235(c)(1) requires that the report be signed by a physician. It was not, so it is inadmissible as evidence that can be considered at a summary judgment hearing. The other documents he submitted were not filed by the deadline. But even if they had been, they were not sufficient to establish an issue of material fact.

Thus, the undisputed facts show Mr. McMillan suffered an injury that did not cause permanent impairment. ULG negated an essential element of Mr. McMillan's claim: that

---

[2] The additional signator did not identify himself as a physician.

2

he suffered an injury that caused permanent impairment. ULG's motion for summary judgment is granted.

However, as to future medical treatment, this Court cannot look into the future to determine whether Mr. McMillan may or may not need treatment for his compensable injury. Further, an employee who suffers a compensable injury is entitled to any reasonable, necessary, and work-related medical treatment. Tenn. Code. Ann. § 50-6-204(a)(1)(A). This Court in the future may determine whether ULG is responsible for medical treatment Mr. McMillan seeks for his compensable injury. *Reynolds v. Liberty Mut. Ins. Co.,* No. 02S01-9203-CH-00027, 1992 Tenn. LEXIS 620, at \*2-6 (Tenn. Workers' Comp. Panel Oct. 7, 1992).

It is **ORDERED** as follows:

1. ULG is entitled to summary judgment concerning the payment of permanent disability benefits.

2. ULG shall furnish reasonable and necessary future medical benefits under Tennessee Code Annotated section 50-6-204.

3. The Court taxes the $150.00 filing fee to ULG, to be paid to the Court Clerk under Tennessee Compilation Rules and Regulations 0800-02-21-06 (2023) within five business days of this order becoming final.

4. ULG shall file Form SD-2 with the clerk within ten business days after this order becomes final.

5. Unless appealed, this Order shall become final 30 days after entry.

**ENTERED March 28, 2024.**

/s/ Brian K. Addington

_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

3

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on March 28, 2024.

| Name | First Class Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Lanell McMillan, Employee | X | | X | lanellmcm27@gmail.com 3210 Farmers Union Rd. Clarkstown, NC 28433 |
| Ben Norris, Allen Grant, Employer's Attorneys | | | X | bnorris@ericlides.com agrant@ericlides.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1.  Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3.  You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4.  After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
[www.tn.gov/workforce/injuries-at-work/](www.tn.gov/workforce/injuries-at-work/)
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*